UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEIFEI GU,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

24-CV-1522 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff filed this action *pro se*. By order dated July 9, 2024, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and for lack of standing. Plaintiff appealed. *See Gu v. City of New York*, No. 24-2064 (2d Cir. Dec. 26, 2024) ("[T]he appeal is DISMISSED because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).").

On January 14, 2026, Plaintiff filed a "motion to vacate" challenging the 2024 dismissal order. (ECF 10.) The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

**DISCUSSION**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons set forth in subsections (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion was filed more than a year after entry of judgment and a motion under Rule 60(b) subsections (1), (2), or (3) is untimely. The Court has reviewed Plaintiff's motion, and even under a liberal interpretation of the motion, Plaintiff fails to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Plaintiff does not make any argument or list any reason why the judgment should be vacated. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist warranting relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 10) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all motions in this action.

SO ORDERED.

Dated: July 10, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge